FRANK SECOR, BY HIS GUARDIAN ANNA M. SECOR, RESPONDENT, v. ABNER TAYLOR, APPELLANT.

*Civil damage act — when evidence to show that another judgment has already been recovered against the defendant for the same act is inadmissible.*

This action was brought by the plaintiff, a minor, by his mother as his general guardian, to recover damages for injury to his means of support occasioned by the death of his father by means of intoxicated liquors sold to him by a lessee of the defendant. Upon the trial the defendant offered, but was not allowed, to prove that the mother, who was the general guardian of the plaintiff, had already recovered a judgment against the defendant for the sum of $2,000 for damages sustained by the death of the same party, caused by the same intoxication, and that the said sum had been paid to her.

*Held,* that the evidence was properly excluded, as no claim was made in this case for any exemplary damages.

*Mullen* v. *Christian* (22 W. Dig., 59) followed and explained.

APPEAL from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried, and from a judgment in favor of the plaintiff, entered upon a verdict of a jury at the Schoharie Circuit for $400.

The action was prosecuted under the civil damage act to recover for injury to the means of support of the plaintiff, by reason of the death of his father, on the 21st day of September, 1882, which was alleged to have been caused by the intoxication of the father, produced, in whole or in part, by liquors drank by him in premises alleged to have been leased by the appellant.

The answer was a denial of the allegations of the complaint. The answer also set up the fact that Anna M. Secor, the mother of the plaintiff and the guardian of the plaintiff in this action, had prosecuted an action in the Supreme Court for the same alleged cause of action mentioned in the plaintiff's complaint, and had recovered a judgment against the defendant of $2,000 and costs, which judgment had been, before the commencement of this action, paid by the defendant and which was more than equal to the full pecuniary value of the life of the deceased to his family, and was a full satisfaction for all damages, for the loss of means of support of the said family, including this plaintiff.

*S. L. & F. M. Mayham*, for the appellant.

*Krum & Grant*, for the respondent.

PARKER, J.:

The action was brought under the civil damage act to recover damages for injury to plaintiff's means of support occasioned by the death of his father.

The jury, under the directions of the trial court, have found that the death resulted from intoxication caused in whole or in part by intoxicating liquors sold by the lessees of the defendant, and that the damage sustained by the plaintiff was the sum of $400.

The evidence is sufficient to sustain the verdict of the jury, and the judgment must, therefore, be affirmed, unless error, sufficient to justify reversal, was committed by the court in refusing to allow the defendant to prove that the mother and guardian of the plaintiff had recovered of the defendant a judgment in the sum of $2,000 for damages sustained by the death of the same party, caused by the same intoxication.

The court permitted the defendant to show the amount of money which had come into the mother's hands after the death of her husband, so that all the facts bearing upon the ability of the mother to support the plaintiff, were before the jury. It declined, however, to permit the defendant to show that the money was recovered and received from the defendant.

In *Mullen* v. *Christian* (22 Week. Dig., 59) the trial court refused to receive in evidence the judgment-roll in an action brought by the mother against the same defendant. The General Term of the Fifth Department affirmed the decision of the court below, and in the opinion said: "We cannot take notice of the mother's former judgment; nor would that fact be important if it appeared in evidence."

With that decision, if limited to cases where exemplary damages are not sought, we concur. Punitory damages are not given to the plaintiff as a matter of right, but are awarded against the defendant, as a matter of punishment. The law uses the suit of a private party as an instrument of public protection, not for the sake of the suitor, but for that of the public.

We are of the opinion that the one act of permitting lessees to

sell a person intoxicating liquor does not render a party liable to have awarded against him in civil actions damages, as and for punishment, but once. That if a half a dozen actions be brought, each jury cannot be permitted, in addition to compensatory damages, to add such sum as suits their fancy by way of punishment. Even should it be held that, under such circumstances, exemplary damages could be awarded in every action relating to the same transaction, no matter how many might be brought, still the defendant would be entitled to have the prior judgment or judgments before the jury, in order that the jury might know how much punishment had been already inflicted, as an aid in determining how much more, if any, ought to be meted out to him.

In this case, however, it nowhere appears that the plaintiff asked for exemplary damages. The court, in its charge, expressly limited the plaintiff's right of recovery to " loss of means of support," and did not read the statute to them, so that the subject of exemplary damages was not even suggested to the jury. As the evidence could only be material in the event of a claim for punitive damages, the defendant's case has not been harmed by its exclusion.

The judgment and order appealed from must be affirmed, with costs.

BOCKES, P. J., and LANDON, J., concurred.

Judgment and order affirmed, with costs.